IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-00282-F

| | |
|---|---|
| SMITHFIELD BUSINESS PARK, LLC,  )<br>)<br>Plaintiff,  )<br>)<br>V.  )<br>)<br>SLR INTERNATIONAL CORPORATION, )<br>)<br>Defendant.  ) | ORDER |

This matter comes before the court on the motion [DE-43] of Defendant Smithfield Business Park, LLC ("Defendant") to compel responses to written discovery requests from Plaintiff SLR International Corporation ("Plaintiff"). Plaintiff did not respond to the motion and the time for filing responsive briefs has expired. For the reasons set forth below, Defendant's motion to compel is allowed.

## BACKGROUND

On May 21, 2012, Defendant removed this case from Johnston County Superior Court. [DE-1]. In the complaint [DE-1-1], Plaintiff alleges that the parties entered into a contract whereby Defendant agreed to complete environmental remediation work at a property owned by Plaintiff and located at 1315 Industrial Park Drive, Smithfield, North Carolina 27577, and that Defendant failed to complete the remediation. Compl. ¶¶ 3, 7, 18. Plaintiff asserts claims for breach of contract, professional negligence/malpractice, and negligent misrepresentation and seeks monetary damages from Defendant. *Id.* ¶¶ 17-36. Defendant asserts counterclaims against Plaintiff for breach of contract, quantum meruit, unjust enrichment, and attorney's fees, based on Plaintiff's alleged failure to pay Defendant for services provided and seeks monetary damages from Plaintiff. [DE-25] ¶¶ 12-

28.

On August 31, 2012, Defendant served its first set of interrogatories and requests for production on Plaintiff. [DE-44-1]. After receiving an extension of time to respond [DE-21], Plaintiff served its responses to Defendant's discovery requests on October 30, 2012 [DE-44-2]. Thereafter, the parties received several extensions with regard to the discovery and other case management deadlines. [DE-30, 35, 38]. On August 13, 2013, after the close of discovery, Defendant filed the instant motion to compel. [DE-43]. However, the discovery deadline, as well as other case management deadlines and the trial date, have subsequently been continued. [DE-60]. Further, with leave of court, Defendant filed a Third Party Complaint and an Amended Third Party Complaint against Massoud Tabrizi, Industrial Realty Group, LLC, and Sestech Environmental, L.P. [DE-50, 55].

## DISCUSSION

### A. Applicable Legal Standards

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery upon each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26–37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando,* 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors,* No. 2:98–CV–62–BO, 2000 WL 33672978, at *4 (E.D.N.C. Sept. 27, 2000).

2

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC,* No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 473 (N. D. Tex. 2005)); *see also Mainstreet Collection, Inc. v. Kirkland's, Inc.,* 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders,* 437 U.S. 340, 351 (1978)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross,* 974 F.2d 482, 489 (4th Cir. 1992).

A party's response to written discovery must either state that a document request is permitted or state an objection, providing the reasons for the objection. Fed. R. Civ. P. 34(b)(2)(B). Objections to Rule 34 requests, however, must be stated specifically, and boilerplate objections simply regurgitating words and phrases from Rule 26 are unacceptable. *See Mills v. East Gulf Coal Preparation Co., LLC,* 259 F.R.D. 118, 132 (S.D.W.Va. 2009) (citing *Frontier–Kemper Constructors, Inc., v. Elk Run Coal Co., Inc.,* 246 F.R.D. 522, 528–29 (S.D.W.Va. 2007)); *Momah v. Albert Einstein Med. Ctr.,* 164 F.R.D. 412, 417 (E.D.Pa. 1996) ("Mere recitation of the familiar litany that . . . a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice."). *See also Hager v. Graham,* No. 5:05–CV–129, 2010 WL 1734881, at *5 (N.D.W.Va. Apr. 28, 2010) ("Though a general objection on vagueness, ambiguity, broadness, and excessive burden without more does not comply with the requirements of Rule 34, specific grounds in addition to the boilerplate is permissible.").

3

Rule 37 allows for the filing of a motion to compel where a party fails to completely respond to written discovery requests. *See* Fed. R. Civ. P. 37(a)(4).

**B.     Defendant's Motion**

Defendant contends that Plaintiff (1) served improper objections to interrogatory numbers 6 - 11, and 14 and to request for production numbers 2, 4-10, 12-13, 16-18, 20, 22, 24-30, and 32-35; and (2) failed to produce the entire file of materials and documents reviewed by its expert Wayne Dorband. Def.'s Mem. [DE-44] ¶¶ 2-3. Specifically, Defendant contends that Plaintiff failed to specify why it considered certain requests overly broad, unduly burdensome, or oppressive and that Plaintiff did not provide sufficient detail to enable Plaintiff to easily reference the documents produced in lieu of providing a written answer.

i.      Interrogatory No. 6:

Interrogatory No. 6 seeks information regarding the basis for Plaintiff's claim that Defendant failed to complete the necessary work on the Smithfield Project. [DE-44-2] at 5. Plaintiff objected that the request is overly broad, unduly burdensome and oppressive and that it imposes obligations greater than those required under the Federal Rules of Civil Procedure. *Id.* Notwithstanding the objections, Plaintiff refers Defendant to "see attached documents" and also refers Defendant to two specific documents. *Id.*

The court finds Defendant's Interrogatory No. 6 to be within the scope of Rule 26(b)(1) and not overly broad, unduly burdensome, or oppressive. With respect to Plaintiff's reliance on documents produced in lieu of providing a written answer, pursuant to Rule 33(d), Plaintiff must provide sufficient detail to allow Defendant to readily identify the relied upon document(s). *See* Fed. R. Civ. P. 33(d). *See also Hillyard Enter., Inc. v. Warren Oil Co., Inc.*, No. 5:02-CV-329-H(4), 2003

4

WL 25904138, at *9 (E.D.N.C. Feb. 18, 2003) ("The purpose of discovery, and basic considerations of fairness, require the responding party to organize the documents produced in a manner clearly indicating which documents respond to the requesting party's specific [request].") (citation omitted). Plaintiff appropriately referred Defendant to two specific documents, even noting certain paragraph numbers within one of those documents. However, Plaintiff's directive to generally "see attached documents" is insufficient, assuming not every document produced was relevant to this interrogatory. Accordingly, Plaintiff's objection to this interrogatory is overruled. Plaintiff shall supplement its response to specify the particular documents that address this interrogatory and shall provide a written response to the extent necessary to fully answer the interrogatory.

    ii.    Interrogatory No. 7:

Interrogatory No. 7 seeks information regarding Plaintiff's relationship with Massoud Tabrizi, now a third party defendant in this action. [DE-44-2] at 5. Plaintiff objects that the interrogatory is vague and ambiguous, in that Plaintiff is a limited liability company, and Plaintiff offers to supplement its answer to include responsive information relative to a specific member, manager, employee, and/or agent of Plaintiff as identified by Defendant. *Id.* The court finds Defendant's Interrogatory No. 7 to be within the scope of Rule 26(b)(1) and not vague and ambiguous. In the "Definitions and Instructions" section preceding the discovery requests, "Smithfield," "You," "Your," or "Plaintiff" are defined to mean "SMITHFIELD BUSINESS PARK, LLC, and any of its respective employees, agents, officers, directors, attorneys, independent contractors, and/or related entities." [DE-44-1] at 5 ¶ 11. Further, Defendant need not specify the particular employees, agents, etc., to which the interrogatory applies, as that is precisely the type of information Defendant seeks to discover. Accordingly, Plaintiff's objection to this interrogatory is

overruled, and Plaintiff shall supplement its answer to the interrogatory with respect to its relationship with Tabrizi.

### iii. Interrogatory No. 8:

Interrogatory No. 8 seeks information regarding persons who have made written or oral statements regarding the facts forming the basis of this action. [DE-44-2] at 5. Plaintiff objects that the interrogatory calls for disclosure of privileged information and attorney work product and is unduly burdensome and oppressive with respect to oral statements. *Id.* Plaintiff also directs Defendant to "see attached documents." *Id.* The interrogatory expressly excepts statements protected by attorney client privilege and requests a privilege log for such statements, which is required by Rule 26(b)(5). *Id.* Furthermore, Plaintiff has failed to specify how the request is unduly burdensome and oppressive with respect to oral statements. *See Mills*, 259 F.R.D. at 132. Accordingly, Plaintiff's objection is overruled, and Plaintiff shall supplement its answer and provide a privilege log to the extent it claims attorney-client or work product privilege.

### iv. Interrogatory No. 9:

Interrogatory No. 9 seeks information regarding Plaintiff's communications with persons related to the claims asserted in this action. [DE-44-2] at 6. Plaintiff objects that the interrogatory calls for disclosure of privileged information and attorney work product and is repetitive. *Id.* Plaintiff also directs Defendant to "see attached documents." *Id.* As explained above, Plaintiff may assert a claim of privilege and provide a privilege log to Defendant. *See* Fed. R. Civ. P. 26(b)(5). Further, if Plaintiff produces documents in lieu of providing a written answer, pursuant to Rule 33(d), Plaintiff must provide sufficient detail to allow Defendant to readily identify the particular responsive document(s). Finally, where there may be some overlap with previous responses,

6

Plaintiff may refer to other interrogatory answers or documents produced to the extent the information contained therein is also responsive to this interrogatory. Accordingly, Plaintiff's objection is overruled, and Plaintiff shall supplement its answer and provide a privilege log to the extent it claims attorney-client or work product privilege.

    v.    Interrogatory No. 10:

Interrogatory No. 10 seeks information regarding communications with Quadrelle Realty Services, LLC relating to the claims asserted in this action. [DE-44-2] at 6. Plaintiff objects that the interrogatory is unduly burdensome and oppressive and imposes obligations greater than those required by the Federal Rules. *Id.* Plaintiff further states that numerous such communications occurred beginning prior to July 26, 2006, and that it cannot identify every such conversation or the date thereof, but lists certain individuals that may have specific knowledge of such communications. *Id.* Plaintiff also states that its investigation and discovery in the case are ongoing and reserves the right to supplement its answer. *Id.*

The court finds Defendant's Interrogatory No. 10 to be within the scope of Rule 26(b)(1) and not unduly burdensome or oppressive.

> [P]arties are under a duty to complete a reasonable investigation when presented with the opposing party's interrogatories and document requests. Discovery requests served on a company solicits information known to the company, not solely information known by the president, CEO, or other person directed to respond to the discovery requests. Accordingly, a reasonable investigation by a company would include an inquiry of a company's employees for relevant information. A company need not question all employees, but must question those that would reasonably have relevant information.

*3M Innovative Properties Co. v. Tomar Elec.*, No. 05-756 (MJD/AJB), 2006 WL 2670038, at *6 (D. Minn. Sept. 18, 2006). Accordingly, Plaintiff's objection is overruled, and Plaintiff shall supplement

7

its answer after making a reasonable inquiry as required by Rule 26.

  vi.  Interrogatory No. 11:

Interrogatory No. 11 and Plaintiff's response thereto is substantially similar to Interrogatory No. 10, except that it seeks communications with SLR. [DE-44-2] at 6-7. For the same reasons stated with respect to Interrogatory No. 10, Plaintiff's objection is overruled, and Plaintiff shall supplement its answer after making a reasonable inquiry as required by Rule 26.

  vii.  Interrogatory No. 14:

Interrogatory No. 14 and Plaintiff's response thereto is substantially similar to Interrogatory Nos. 10 and 11, except that it seeks communications with SLR specifically related to work on the Smithfield Project. [DE-44-2] at 7-8. For the same reasons stated with respect to Interrogatory Nos. 10 and 11, Plaintiff's objection is overruled, and Plaintiff shall supplement its answer after making a reasonable inquiry as required by Rule 26.

  viii.  Request for Production Nos. 2, 5-10, 12-13, 16, 20, 22, 24-28, 30, 32-35:

Request for Production Nos. 2, 5-10, 12-13, 16, 20, 22, 24-28, 30, 32-35 seek a variety of documents related to the Smithfield Project and this case, *e.g.*, correspondence, expert reports, witness statements, contracts, etc. [DE-44-2] at 9-14. Plaintiff has asserted the same objection to each of these requests for production–that the requests are overly broad and fail to designate the matters sought with specificity to allow identification of the documents requested. *Id.* at 9. Plaintiff further states that it is pursuing discovery and investigation of the facts and reserves the right to supplement its responses. The court has reviewed Request for Production Nos. 2, 5-10, 12-13, 16, 20, 22, 24-28, 30, 32-35 and finds them to be within the scope of Rule 26(b)(1) and sufficiently specific to allow Plaintiff to respond. Therefore, Plaintiff's objection to these requests for

8

production is overruled, and Plaintiff shall supplement its responses accordingly.

  ix. Request for Production No. 4:

Request for Production No. 4 seeks invoices issued by Defendant to Plaintiff in connection with the Smithfield Project. [DE-44-2] at 9. Plaintiff objects that these documents are already in the possession of Defendant. *Id.* The fact that a document may be already be in the requesting party's possession is not a valid objection to producing the document. *See Wooten v. Lincoln Nursing Ctr.*, No. 5:09-CV-097-DCK, 2011 WL 381608, at *7 (W.D.N.C. Feb. 2, 2011) (citing *Alberts v. Wheeling Jesuit Univ.*, No. 5:09-CV-109, 2010 WL 1539852 at *2 (N.D.W.Va. April 19, 2010)). Accordingly, Plaintiff's objection to this request is overruled, and Plaintiff shall supplement its response accordingly.

  x. Request for Production No. 17:

Request for Production No. 17 seeks a variety documents from consulting experts whose opinions or findings were relied upon by a testifying expert. [DE-44-2] at 11. Plaintiff refers to it response to Interrogatory No. 12, which seeks identification of the same. Plaintiff also objected to the interrogatory on the basis that it seeks information not required to be disclosed under the Federal Rules but, without waiving its objections, also stated that it had not yet identified any such expert and would supplement its answer consistent with the Federal Rules. It appears Plaintiff has now designated an expert, Wayne Dorband, [DE-44] ¶ 3, but has failed to supplement its discovery responses accordingly. Therefore, Plaintiff shall supplement its response to Request for Production No. 17, consistent with its obligations under Rule 26(e).

  xi. Request for Production No. 18:

Request for Production No. 18 seeks a variety documents prepared or utilized by any

9

testifying expert. [DE-44-2] at 11. Plaintiff responded "See previous Answers and Responses." *Id.* at 12. Plaintiff's response is insufficient in that it fails to direct Defendant to a specific answer or response, assuming not every answer and response was relevant to this request. Accordingly, Plaintiff shall supplement its response to specify or produce any specific documents that address this request, consistent with its obligations under Rule 26(e).

    xii.    Request for Production No. 29:

Request for Production No. 29 seeks documents and tangible things evidencing Plaintiff's allegation that Defendant and Tabrizi developed different opinions regarding the project and/or contract. [DE-44-2] at 13. Plaintiff responded "See Answer to Interrogatory No. 15 above." *Id.* Plaintiff's response is insufficient in that the request seeks documents and tangible things and Plaintiff's response to Interrogatory No. 15 simply provides narrative information. Accordingly, Plaintiff shall supplement its response to this request by providing any responsive documents or tangible things.

    xiii.    Expert Documents:

Finally, Defendant contends that Plaintiff failed to produce the file of materials and documents reviewed by its designated expert, Wayne Dorband. [DE-44] ¶ 3. Defendant requested such documents in Request for Production No. 18, and the court has ordered supplementation by Plaintiff in conformity with its obligations under Rule 26(e).

## **CONCLUSION**

For the reasons and on the terms set forth above, Defendant's motion to compel [DE-43] is

10

Case 5:12-cv-00282-F   Document 65   Filed 10/18/13   Page 10 of 11

ALLOWED. Plaintiff shall supplement its discovery responses by no later than **November 1, 2013**.

SO ORDERED, the **18** day of October 2013.

*[signature]*
Robert B. Jones, Jr.
United States Magistrate Judge

11