UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:12-CV-00282-F

| | |
|---|---|
| SMITHFIELD BUSINESS PARK, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SLR INTERNATIONAL CORPORATION ) | |
| ) | |
| Defendant, ) | |
| ) | |
| ) | CONFIDENTIALITY AGREEMENT |
| ) | AND AGREED PROTECTIVE ORDER |
| SLR INTERNATIOAL CORPORATION ) | |
| ) | |
| Third-Party Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| MASSOUD TABRIZI, INDUSTRIAL ) | |
| REALTY GROUP, LLC AND SESTECH ) | |
| ENVIRONMENTAL, LP ) | |
| ) | |
| Third-Party Defendants ) | |

This Confidentiality Agreement and Agreed Protective Order is issued to facilitate the disclosure of information and/or documents in discovery under the Local Rules of this Court and the FEDERAL RULES OF CIVIL PROCEDURE. Unless modified pursuant to the terms contained herein, this Agreement and Order shall remain in effect through the conclusion of this litigation.

1. **Scope**. This Confidentiality Agreement and Agreed Protective Order ("**Agreement and Order**") shall govern the disclosure and use of information designated as "CONFIDENTIAL INFORMATION" in accordance with the terms hereof. It includes the procedures for challenging

designations of confidentiality. This Agreement and Order shall govern the post-trial disposition of all materials produced or disclosed by non-party witness Inland Mortgage Capital Corporation ("**Inland**") during the course of this litigation; specifically, financial information and documents related to the Smithfield Project (the "**Project**") concerning the borrower and/or guarantor, as well as tax returns for same. The Court intends that the disclosure of "CONFIDENTIAL INFORMATION" through discovery should not lead to the dissemination or use of such information for any purpose other than the litigation of this action. This Agreement and Order shall apply to all information, documents and things subject to discovery under the FEDERAL RULES OF CIVIL PROCEDURE from Inland regarding the Project.

2. **Designation of Information**. Information produced in discovery may be designated "CONFIDENTIAL INFORMATION" by marking it as "CONFIDENTIAL" or by clearly identifying it using a similar designation. A Party may also retroactively designate previously produced discovery as "CONFIDENTIAL." With respect to documents, such designation shall be made at the time, following inspection, that copies are furnished to a party conducting discovery, or when such documents are otherwise disclosed.

3. **"CONFIDENTIAL INFORMATION" Defined**. A Party designating information as "CONFIDENTIAL INFORMATION" may make such designation only as to information which it believes in good faith is confidential and entitled to protection. Documents that are publicly available shall not be "CONFIDENTIAL INFORMATION." For the purposes of this Agreement and Order, "CONFIDENTIAL INFORMATION" means information of any type, kind, or character which is designated as "CONFIDENTIAL INFORMATION" in the manner provided herein.

4. **Restrictions on Disclosure**. All "CONFIDENTIAL INFORMATION" produced or disclosed in this litigation shall be subject to the following restrictions:

(a) such documents, information and things shall not be used for any litigation, business, or other purpose other than in this lawsuit; and

(b) such documents, information and things shall not be shown or communicated in any way inconsistent with this Agreement and Order or to anyone other than "Qualified Persons," which persons receiving "CONFIDENTIAL INFORMATION" shall not make further disclosure to anyone except as allowed by this Agreement and Order.

5. **Qualified Persons**. "Qualified Persons" means:

(a) the judge assigned to this case, personnel of the Court, court reporters, video equipment operators at deposition, any special master appointed by the Court, any judge with jurisdiction over this proceeding or any appeal hereof, and any authorized personnel of such appellate court;

(b) counsel for the parties and employees of such counsel, whose access to "CONFIDENTIAL INFORMATION" is necessary for the purposes of preparation, pretrial discovery and proceedings, trial, appeal, settlement or administration of this litigation;

(c) except as limited by paragraph 15 of this Agreement and Order, in-house counsel for a party actively participating in the case and his or her legal staff whose access to "CONFIDENTIAL INFORMATION" is necessary for the purposes of preparation, pretrial discovery and proceedings, trial, appeal, settlement or administration of this litigation;

(d) third parties retained by counsel for a party or by a party as consulting experts or expert witnesses for the purposes of preparation, pretrial discovery and proceedings, trial, appeal, settlement or administration of this litigation;

(e) third-party contractors or employees of third-party contractors involved, with respect to this case, solely in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving documents or information at the direction of counsel for a party or the employees of such counsel;

(f) except as limited by paragraph 15 of this Agreement and Order, any individual or entity made a party to this litigation, so long as that individual or entity remains

a party to this litigation, and any present employee or officer of a named party to this litigation whose access to "CONFIDENTIAL INFORMATION" is necessary for purposes of preparation, pretrial discovery and proceedings, trial, appeal, settlement, or administration of this litigation;

(g) except as limited by paragraph 15 of this Agreement and Order, any actual or prospective witness in this litigation, except that such a person may only be shown a matter designated "CONFIDENTIAL" during, or in preparation for his or her actual or prospective testimony, and only to the extent necessary for such preparation or testimony; and

(h) any other person who is designated as a Qualified Person by written authorization of the party that designated the information as "CONFIDENTIAL INFORMATION," or by Order of this Court after notice to all parties and opportunity to be heard.

6. **Author, Recipient or Other Persons**. The terms of this Agreement and Order shall not prohibit the disclosure by any party of "CONFIDENTIAL INFORMATION"

(a) to the author or recipient of the document, including the recipient of copies of the document; or

(b) to any other person who received, had a copy of or had seen a copy of the document prior to its production in this action.

If "CONFIDENTIAL INFORMATION" is shown to any person other than the author, recipient or recipient of a copy, that person may not retain the document or a copy of the document.

7. **Deposition Exhibits**. "CONFIDENTIAL INFORMATION" shall not lose its "CONFIDENTIAL INFORMATION" character because it is designated as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or in part, as "CONFIDENTIAL INFORMATION."

8. **Incorporation of "CONFIDENTIAL INFORMATION" in Other Documents.** Any document including, but not limited to, an exhibit which embodies or incorporates "CONFIDENTIAL INFORMATION" shall be designated by the party generating or creating such document as "CONFIDENTIAL."

9. **Filing and Use of "CONFIDENTIAL INFORMATION."** A Party intending to file "CONFIDENTIAL INFORMATION" with the Court or to present, use, or refer to "CONFIDENTIAL INFORMATION" in the form of testimony or documents as part of any pretrial hearing or other proceeding conducted by this Court shall first give written notice to counsel for all other Parties. The notice shall describe all or that portion of any pleadings, motions, testimony, briefs or other documents containing "CONFIDENTIAL INFORMATION" which the party intends to file with the Court. No "CONFIDENTIAL INFORMATION" shall be filed with or disclosed in Court until the Court has ruled on a motion to seal court records in compliance with Rule 5.2 of the FEDERAL RULES OF CIVIL PROCEDURE, or the designating party has waived in writing its right under this Agreement and Order to seek such relief. If a party elects to use a document that party previously produced and marked as "CONFIDENTIAL INFORMATION" as an exhibit in a motion, at a hearing, or at trial and does not obtain a ruling from the Court to seal the record in compliance with Rule 5.2, the copy of the document used as an exhibit shall not include the stamp or notation as "CONFIDENTIAL INFORMATION."

10. **Preservation of Certain Rights and Relevance of Designation to Underlying Litigation.** Neither the terms of this Agreement and Order nor any action taken pursuant to this Agreement and Order shall prejudice the right of any party to urge or contest the relevancy, admissibility or discoverability of any documents, information or things subject to this Agreement and Order. Further, the designation of certain information as "CONFIDENTIAL INFORMATION", the failure to so designate, and/or the failure to challenge such designation shall have no bearing on

whether the subject information constitutes confidential or proprietary information and/or a trade secret as those terms are understood at law, and shall not be used as evidence as such.

11. **Subpoenas**. If "CONFIDENTIAL INFORMATION" in possession of a party to this action is subpoenaed by any court, administrative agency, legislative body or any other person not a party to this action, the party to whom the subpoena is directed shall (a) immediately notify in writing counsel for the designating party and (b) assert this Agreement and Order as a defense of such demand. The responsibility for attempting to prevent the disclosure or production of such "CONFIDENTIAL INFORMATION" shall otherwise rest exclusively with the party who so designated the information; provided, however, that if the designating party objects to disclosure, the subpoenaed party shall not disclose the "CONFIDENTIAL INFORMATION" without the written consent of the designating party or the order of the court having jurisdiction over the subpoena.

12. **Challenging Designations**. If after being furnished any information, documents or things designated as "CONFIDENTIAL INFORMATION" a party wishes to challenge the claim of confidentiality, the objecting party shall serve written notice thereof to the designating party, identifying with specificity the information, documents or things that the objecting party contends ought not be designated as confidential. The designating party shall have ten (10) days within which to serve a written response, failing which the designating party shall be deemed to have waived its designation and the specified information shall lose its "CONFIDENTIAL INFORMATION" character. If counsel for the challenging and designating parties, after conferring in person, are unable to resolve the dispute by agreement, the designating party shall have fifteen (15) days from the date of the conference to file a motion for protective order, failing which the designating party shall be deemed to have waived its designation and the specified information shall lose its "CONFIDENTIAL INFORMATION" character. If a motion for protective order is filed, the information, documents or things in dispute shall remain "CONFIDENTIAL INFORMATION" until the Court has ruled on the motion for protective order.

CONFIDENTIALITY AGREEMENT AND AGREED PROTECTIVE ORDER                    PAGE 6

Case 5:12-cv-00282-F   Document 72   Filed 11/26/13   Page 6 of 10

13. **Modifications of this Agreement and Order**. Any of the parties to this lawsuit may, by written agreement or a motion to the Court, seek a modification of this Agreement and Order.

14. **Ongoing Effect of this Agreement and Order**. This Agreement and Order shall remain in effect after the conclusion of this litigation. Within ninety (90) days after the conclusion of this litigation (including any appeal from any judgment), and subject to further order of this Court or written stipulation of the parties, each party shall return to the designating party or destroy all documents, exhibits, deposition transcripts and copies thereof containing material designated by the opposing party as "CONFIDENTIAL INFORMATION." This includes all notes, memoranda, summaries, or other documents in the possession, custody or control of any party and any entity or other person who had access to such information (but does not include pleadings, attorney notes, memoranda, summaries or other outside counsel attorney work product) incorporating the "CONFIDENTIAL INFORMATION" which that party received pursuant to this Agreement and Order.

15. **Sworn Acknowledgments**. Each person described in subparagraph 5(c) and 5(d) hereof and each witness described in subparagraph 5(f) and 5(g) who are shown "CONFIDENTIAL INFORMATION" shall, prior to receiving such disclosure, execute a written statement in the form attached hereto as **Exhibit "A."**

SIGNED on this the __26__ day of __November__, 2013.

_____
JUDGE PRESIDING

Robert B. Jones, Jr.
US Magistrate Judge

AGREED AS TO FORM AND SUBSTANCE:

ZIMMERMAN, AXELRAD, MEYER, STERN & WISE, P.C.

By: _____
Brian W. Zimmerman
State Bar No.00788746
Leslie K. Hillendahl
State Bar No. 24036778
3040 Post Oak Blvd., Suite 1300
Houston, Texas 77056
(713) 552-1234
(713) 963-0859 (Fax)

**ATTORNEYS FOR DEFENDANT SLR INTERNATIONAL CORPORATION**


DAUGHTRY, WOODARD, LAWRENCE & STARLING, LLP

By: James Williams w/ permission /s/ _____
Luther D. Starling, Jr.
State Bar No. 17603
James Williams
State Bar No. 37230
Post Office Drawer 1960
405 East Market Street
Smithfield, North Carolina 27577
(919) 934-5012
(919) 934-9536 (Fax)

**ATTORNEYS FOR PLAINTIFF SMITHFIELD BUSINESS PARK, LLC
AND THIRD-PARTY DEFENDANT INDUSTRIAL REALTY GROUP, LLC**

| | |
|---|---|
| SMITHFIELD BUSINESS PARK, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SLR INTERNATIONAL CORPORATION ) | |
| ) | |
| Defendant, ) | |
| ) | |
| ) | ACKNOWLEDGMENT OF |
| ) | PROTECTIVE ORDER |
| SLR INTERNATIOAL CORPORATION ) | |
| ) | |
| Third-Party Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| MASSOUD TABRIZI, INDUSTRIAL ) | |
| REALTY GROUP, LLC AND SESTECH ) | |
| ENVIRONMENTAL, LP ) | |
| ) | |
| Third-Party Defendants ) | |
| ) | |

The undersigned has been provided access, by counsel for one of the parties to the above lawsuit, to information marked "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" or which has been otherwise designated as "CONFIDENTIAL INFORMATION" under the terms of the Confidentiality Agreement and Agreed Protective Order ("Agreement and Order") in this lawsuit. The undersigned understands that such designation was made subject to the terms of the Agreement and Order. The undersigned agrees that he or she will abide by the terms of the Agreement and Order and will not communicate or show the contents of such information to any other person (other than Qualified Persons as defined in the Agreement and Order), will not make copies of such information except (in the case of

EXHIBIT A

Qualified Persons defined in subparagraph 5(c)) as necessary to perform services in this case, and will preserve such information as confidential.

This Acknowledgment does not prohibit the undersigned from using or disclosing documents or information to which he has access by other legitimate means.

Signed _____
Date: _____

Exhibit A