UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:12-CV-00282-F

| | |
|---|---|
| SMITHFIELD BUSINESS PARK, LLC <br><br> Plaintiff, <br><br> vs. <br><br> SLR INTERNATIONAL CORPORATION <br><br> Defendant, <br><br><br> SLR INTERNATIONAL CORPORATION <br><br> Third-Party Plaintiff <br><br> vs. <br><br> MASSOUD TABRIZI, INDUSTRIAL REALTY GROUP, LLC AND SESTECH ENVIRONMENTAL, LP <br><br> Third-Party Defendants | SLR INTERNATIONAL CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFF SMITHFIELD BUSINESS PARK, LLC'S AND THIRD-PARTY DEFENDANT INDUSTRIAL REALTY GROUP, LLC'S MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL |

Pursuant to Local Rule 7.1(d), Defendant/Counter-Plaintiff, SLR International Corporation (**"SLR"**) files its memorandum in support of its Motion for Leave to File a Reply to Plaintiff/Counter-Defendant Smithfield Business Park, LLC's (**"Smithfield"**) and Third-Party Defendant Industrial Realty Group, LLC's (**"IRG"**) Memorandum in Opposition to Motion to Compel (the **"Reply"**).[1]

---

[1] *See* **Exhibit "A"**, SLR's Reply, attached to SLR's Motion for Leave to File a Reply to Plaintiff Smithfield Business Park, LLC's and Third-Party Defendant Industrial Realty Group, LLC's Memorandum in Opposition to Motion to Compel.

# I.
## SUMMARY OF ARGUMENT

- SLR has met its burden in demonstrating good cause for the granting of this Motion for Leave. IRG's and Smithfield's Memorandum in Opposition to Motion to Compel the Deposition of Stuart Lichter contains flawed arguments raised for the first time. In the interests of fairness and justice, SLR should be afforded the opportunity to present the Court with the fullest and most factual picture upon which the Court can adjudicate this matter.

- Therefore, this Court should grant SLR's Motion for Leave to file a Reply to Plaintiff Smithfield's and Third-Party Defendant IRG's Memorandum in Opposition to Motion to Compel.

# II.
## ARGUMENT AND AUTHORITIES

This matter is before the Court for determination of SLR's Motion to Compel the Deposition of Stuart Lichter (the "**Motion**"). SLR filed its Motion on January 20, 2014, and Memorandum in support of its Motion on January 31, 2014. Smithfield and IRG filed their Memorandum in Opposition to SLR's Motion (the "**Memorandum**") on February 4, 2014. SLR seeks leave of this Court to file its Reply to Smithfield's and IRG's Memorandum to address new arguments raised for the first time.

While the Local Rules of this Court do not generally contemplate reply briefs in discovery disputes, this Court has granted motions for leave to file reply briefs in discovery disputes upon a showing of good cause.[2] In their Memorandum, Smithfield and IRG argue that SLR failed to certify that counsel has in good faith attempted to resolve the dispute without this Court's intervention, SLR's Motion is premature, the Motion fails to meet the procedural requirements set forth in Local Rule 7.1(d), and the Motion is moot. SLR has not had an

---

[2] *SMD Software, Inc. v. EMove, Inc.*, 5:08-CV-403-FL, 2011 WL 2491208, at *4, fn. 3 (E.D.N.C. June 22, 2011).

opportunity to address why these arguments are flawed and inapplicable here. In fairness, SLR requests an opportunity to reply to Smithfield's and IRG's arguments in order to present the fullest and most complete factual picture upon which the Court can evaluate the parties' arguments, particularly since it is SLR seeking to compel the discovery. Therefore, SLR's Reply is appropriate, and it should be permitted to respond to Smithfield's and IRG's arguments raised for the first time. Moreover, allowing SLR to file a Reply to Smithfield's and IRG's Memorandum: (1) will not unduly burden this Court, (2) will assure the most appropriate resolution of this matter, and (3) will serve the interests of justice by allowing all parties a full and fair opportunity to speak to the merits of their respective positions.

FOR THESE REASONS, SLR's Motion for Leave to file its Reply to Smithfield's and IRG's Memorandum in Opposition to Motion to Compel should be granted.

This 7th day of February, 2014.

Respectfully submitted,

ZIMMERMAN, AXELRAD,
MEYER, STERN & WISE, P.C.

By: */s/ Brian W. Zimmerman*
Brian W. Zimmerman
State Bar No. 00788746
bzimmerman@zimmerlaw.com
Leslie K. Hillendahl
State Bar No. 24036778
lhillendahl@zimmerlaw.com
3040 Post Oak Blvd., Suite 1300
Houston, TX 77056
Telephone: 713-552-1234
Facsimile: 713-963-0859

3

ALSTON & BIRD LLP

By: */s/ Heather Adams*
Heather B. Adams
NC State Bar No. 25239
Richard A. McAvoy
NC State Bar No. 43043
Alston & Bird, LLP
4721 Emperor Blvd., Suite 400
Durham, NC 27518
Heather.Adams@alston.com
Rich.mcavoy@alston.com
Phone: (919) 862-2200
Fax: (919) 862-2260

Local Civil Rule 83.1 Counsel

**ATTORNEYS FOR DEFENDANT/COUNTER-PLAINTIFF, SLR INTERNATIONAL CORPORATION**

## CERTIFICATE OF SERVICE

This is to certify that on February 7, 2014, a true and correct copy of the foregoing instrument has been sent to the following attorneys of record, pursuant to Rule 5b, FED.R.CIV.P.:

| | |
|---|---|
| Luther D. Starling, Jr.<br>James C. Williams<br>Daughtry, Woodard, Lawrence & Starling<br>Post Office Drawer 1960<br>Smithfield, NC 27577 | *Via ECF* |
| James M. Weiss<br>P. O. Box 33550<br>Raleigh, NC 27636 | *Via ECF* |
| Joshua Anderson<br>1301 McKinney, Ste. 2700<br>Houston, TX 77010-3089 | *Via ECF* |
| Thomas S. Babel<br>Jeremy M. Wilson<br>Ward and Smith, P.A.<br>Post Office Box 7068<br>Wilmington, NC 28406-7068 | *Via ECF* |

/s/ *Brian W. Zimmerman*
Brian W. Zimmerman