IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-282-F

| | |
|---|---|
| SMITHFIELD BUSINESS PARK, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SLR INTERNATIONAL CORPORATION, ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | O R D E R |
| ) | |
| v. ) | |
| MASSOUD TABRIZI, INDUSTRIAL ) | |
| REALTY GROUP, LLC and SESTECH ) | |
| ENVIRONMENTAL , LP., ) | |
| ) | |
| Third-Party Defendants. ) | |

This matter comes before the court on the motion of Defendant/Third-Party Plaintiff SLR International Corporation ("SLR") to compel the deposition of Stuart Lichter ("Lichter"), a corporate officer of Third-Party Defendant Industrial Realty Group, LLC ("IRG").[1] [DE-102]. IRG has responded in opposition to the motion [DE-108], to which SLR has moved for leave to reply. [DE-113-115]. Although such motions are held in disfavor by our local rules of practice, for good cause shown, SLR's motion for leave is allowed and its reply is considered herein.

IRG objects to the deposition of Lichter on the grounds that (1) SLR failed to certify its good faith attempt to confer with IRG prior to seeking court action on the motion, and (2) the

---

[1] SLR describes Lichter as the President and owner IRG as well as an owner of Plaintiff Smithfield. [DE-102]. IRG has described Lichter's role as the President and Chairman of the Board of IRG. [DE-109] ¶ 9.

motion is premature and moot. [DE-108] at 7-12.[2] For the following reasons, the court denies the motion to compel without prejudice.

I.

On April 18, 2012, Smithfield Business Park, LLC ("Smithfield") filed a complaint in the North Carolina Superior Court of Johnston County against SLR alleging breach of contract, professional negligence and negligent misrepresentation in connection with an agreement to provide certain environmental work on property owned by Smithfield. [DE-1-1]. On May 21, 2012, SLR removed the case to federal court and filed its Answer on June 8, 2012. [DE-1 & 7]. On January 15, 2013, SLR filed counterclaims against Smithfield [DE-25], and on September 18, 2013, SLR filed an amended Third-Party Complaint asserting claims against IRG for fraud, constructive fraud and/or fraudulent inducement, civil conspiracy, piercing the corporate veil, and contribution and/or indemnity. [DE-55] at 8-11.

According to the pleadings, IRG is a nationwide real estate development and investment firm specializing in the acquisition, development and management of commercial and industrial real estate throughout the United States. *Id.* ¶ 10. SLR has moved the court for an order compelling the deposition of a high ranking corporate officer who is neither a party to this litigation nor against whom any claims have been directly alleged.[3] However, according to SLR,

---

[2]The briefing and e-mail messages attached to the parties' briefing demonstrate that adequate attempt was made to resolve the matter before filing the instant motion to compel, in accordance with Fed. R. Civ. P. 37(a) and Local Civil Rule 7.1(c). *See Artis v. North Carolina Dep't of Health & Human Servs.*, No. 5:11-CV-748-BO, 2013 WL 3280240, at *2 (E.D.N.C. June 27, 2013).

[3]Lichter is sought for deposition in his individual capacity in accordance with Fed. R. Civ. P. 30(b)(1). [DE-102-7] Notice to depose Lichter under Fed. R. Civ. P. 30(b)(6) was withdrawn. [DE-102] at 2-3.

2

as President and owner of IRG and as an officer of Smithfield, Lichter is "a witness with knowledge of relevant facts in this matter." [DE-102] at 2. According to Defendant, "[a]s the primary decision maker of IRG, Mr. Lichter is intimately involved in the underlying facts in this matter and has relevant and specific knowledge regarding Defendant's claims." *Id.* at 4. SLR agues further that during discovery it has been learned that Lichter is the primary equity partner in Smithfield. *Id.* SLR argues that prohibiting Defendant from deposing Lichter will unfairly prejudice its ability to both prosecute and defend claims in this matter. *Id.*

## II.

In accordance with the Federal Rules of Civil Procedure the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action, and relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* The court must, however, either upon motion or *sua sponte*, limit the frequency or extent of otherwise permissible discovery if the court determines that the discovery sought is unreasonably cumulative, duplicative or if the discovery may be obtained from some other less burdensome, less expensive or more convenient source. Fed. R. Civ. P. 26(b)(2)(C)(i). This limitation upon the broad rule allowing for liberal discovery finds expression as the "apex rule" insofar as it relates to the deposition of high ranking corporate officers. *See Performance Sales & Mktg., LLC v. Lowe's Companies, Inc.*, No. 5:07-CV-140-RLV, 2012 WL 4061680, at *3 (W.D.N.C. Sept. 14, 2012); *Turner v. City of Detroit*, No. 11-12961, 2012 WL 4839139, at *2 (E.D. Mich. Oct. 11, 2012); *Baine v. General Motors Corp.*, 141 F.R.D. 332, 334-35 (M.D. Ala. 1991);

3

Construction and Application of Apex-Deposition Rule, 86 A.L.R. 6th 519 (2013) (collecting cases).

The apex doctrine "was developed as an aid in ensuring that the liberal rules of procedure for depositions are used only for their intended purpose and not as a litigation tactic to create undue leverage by harassing the opposition or inflating its discovery costs." *Performance Sales & Mktg*, 2012 WL 4061680, at *3-4) (finding a rebuttable presumption that the deposition of a high ranking corporate executive violates the proportionality standard of Fed. R. Civ. P. 26(b)(2)(C) or constitutes good cause for issuance of a protective order as an "annoyance" or "undue burden" within the meaning of Rule 26(c)(1)). According to the apex doctrine, before a plaintiff may depose a corporate defendant's high ranking officer, the plaintiff must show "(1) the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information sought have been exhausted." *Id.* (quoting *Wal-Mart Stores, Inc. v. Vidalakis*, No. 5:07-CV-39, 2007 WL 4591569, at *1 (W.D. Ark. Dec. 28, 2007)); *Devlin v. Chemed Corp.*, No. 04-CV-74192-DT, 2005 WL 2313859, at *2 (E.D. Mich. Sept. 21, 2005) (affirming magistrate judge's denial of motion to compel depositions of four corporate directors where plaintiff provided no evidence that individuals had any knowledge that could not be obtained more easily from a different source); *see also Turner*, No. 11-12961, 2012 WL 4839139, at *3 (allowing motion to compel deposition of mayor in employment discrimination case by mayoral appointee where plaintiff stated she discussed her salary with mayor who directly made decisions regarding her appointment and salary).

In the present case, SLR has failed to overcome its burden of demonstrating that Lichter's knowledge is special or unique and that the discovery he would provide through a deposition

4

cannot be obtained from some other more convenient source. Instead, SLR provides undetailed assertions in its briefing that Lichter has special knowledge of the facts of this case and refers to an ownership role Lichter has in Plaintiff and Third-Party Defendant. Such assertions are insufficient to overcome the burden imposed by the apex doctrine. Finally, the deposition of IRG's 30(b)(6) designee later this month may obviate Lichter's deposition altogether or clarify the basis on which it should be allowed to proceed. *See, e.g., Baine*, 141 F.R.D. at 335 (issuing a protective order quashing subpoena of high-raking corporate executive where corporate deposition, which could satisfy plaintiff's discovery needs and aid in the development of refinement of questioning, had not yet been taken); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (endorsing district judge's use of discretion in adopting a "wait and see" approach to deposition of high-raking corporate executive until after lesser-ranking employees had been deposed).

## III.

For the foregoing reasons, SLR's motion to compel [DE-102] is denied without prejudice.

So ordered the 10th day of February 2014.

Robert B. Jones, Jr.
United States Magistrate Judge