IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-282-F

| | |
|---|---|
| SMITHFIELD BUSINESS PARK, LLC, ) ) Plaintiff, ) ) v. ) ) SLR INTERNATIONAL CORPORATION, ) ) Defendant/Third-Party Plaintiff, ) ) v. ) ) MASSOUD TABRIZI, INDUSTRIAL ) REALTY GROUP, LLC and SESTECH ) ENVIRONMENTAL, LP., ) ) Third-Party Defendants. ) | O R D E R |

This matter comes before the court on the following motions of Third-Party Defendant Industrial Realty Group, LLC ("IRG") (1) motion to amend scheduling order [DE-96], (2) motion to stay deadline to file dispositive motions [DE-128], and (3) motion to compel [DE-126]. Responsive briefing is complete and the matters raised therein are ripe for disposition. A telephonic hearing was held March 27, 2014, at which counsel for all parties except Third-Party Defendant Sestech appeared and participated.

**A.  Motions to Amend the Scheduling Order [DE-96] and Stay [DE-128].**

IRG has moved timely to modify the discovery and dispositive motion deadlines contained in the scheduling order as well as the trial date that is currently set in this case. [DE-96, -128]. In support of its motion, IRG shows the court that it was added as a third-party defendant to this case four months before the close of discovery, and that its current counsel entered the

case one month before the close of discovery. IRG shows the court further that its current counsel has diligently pursued discovery on behalf of IRG and has otherwise been attempting to prepare the case in compliance with the deadlines currently in place. IRG seeks additional time to complete discovery, prepare dispositive motions and ready its case for trial. Neither Plaintiff Smithfield nor Third-Party Defendant Massoud Tabrizi ("Tabrizi") objects to the requested modification. SLR does not object to a reasonable extension of the discovery and dispositive motion deadlines, but does not consent to moving the trial deadline, nor does it consent to any extension of case deadlines as they relate to Plaintiff Smithfield. [DE-116 & 132]. According to SLR, Smithfield has been a party to this action since its commencement on April 8, 2012, and has had ample time to file any dispositive motion. SLR argues that it will be prejudiced if Smithfield were allowed an extension of time to file any additional dispositive motions in order to obtain additional evidence to support its response to SLR's pending motion for summary judgment. [DE-133].

For the reasons articulated in IRG's motion and those discussed during the hearing with the parties, the court finds there is good cause to allow IRG's motion to modify the scheduling order. As explained to the parties in the hearing, an approximate 90-day period of time between the dispositive motion deadline and trial date is needed in order to allow dispositive motions to ripen and to be appropriately considered by the court. Modifying the dispositive motion deadline here will therefore require altering the trial date in this case. Additionally, this court finds that modification of case deadlines should extend to all parties, and declines to modify the discovery and dispositive motion deadline only for the third party defendants. Although SLR makes a compelling argument to extend the deadlines only as to Tabrizi and IRG, indeed no contrary

2

Case 5:12-cv-00282-F Document 141 Filed 04/04/14 Page 2 of 7

argument was articulated in the motions seeking modification, considering that the pleadings in this case remain open and the parties' anticipation of further discovery, extending deadlines for all parties is the preferable course for the equitable and organized management of this case. Were discovery to be closed as to Smithfield, for example, matters may very well likely arise during third-party discovery bearing upon Smithfield's claims or defenses that would be precluded from its discovery. Moreover, Smithfield would arguably be included in participating in depositions noticed before this court's ruling on the motion to extend discovery, but excluded from those noticed after the court ruled on the motion. The consequences of such disjointed discovery would be problematic to the fair and organized management of this case and caution against limiting extensions of time to the third-parties. For this reason, and other considerations stated in the hearing, the court finds that the extension of time granted herein should extend to all parties. Accordingly, IRG's motion to modify the scheduling order [DE-96] is ALLOWED and the deadlines contained in the scheduling order are modified as follows:

1. All discovery shall be completed by **June 30, 2014**;

2. All potentially dispositive motions shall be filed on or before **August 8, 2014**;

3. The trial of this matter will be scheduled for Judge Fox's **November 3, 2014** term in Wilmington, North Carolina.

All provisions of the scheduling order not inconsistent with the foregoing shall remain in place. The court having allowed IRG's motion to modify the scheduling order [DE-96], therefore denies IRG's motion to stay dispositive motion deadline [DE-128] as moot.

### B. Motion to compel discovery [DE-126].

IRG has moved to compel SLR (1) to produce and make its President and Chief

3

Operating Officer Mr. Steven E. Locke ("Locke") available for deposition and (2) to produce documents responsive to IRG's Request for Production ("RPD") Nos. 13, 16 and 18. [DE-126].

During the hearing, counsel for IRG and SLR indicated an agreement had been reached regarding the deposition of Locke and that of IRG's President Stuart Lichter. Accordingly, IRG's motion to compel the deposition of Steven E. Locke is DENIED AS MOOT.

IRG has moved to compel SLR to produce documents responsive to three document requests, specifically the production of Tabrizi's employment file (RPD No. 13), correspondence between SLR and Tabrizi related to compensation paid to or earned by Tabrizi (RPD No. 16), and documents related to negotiations between SLR and Tabrizi regarding his employment with SLR (RPD No. 18).[1] [DE-126 & 127]. In its response to IRG's motion to compel, SLR makes boilerplate objection to each request on the grounds that each is overly broad, irrelevant and unduly burdensome. [DE-134 & 135].

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery upon each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and

---

[1] During the hearing, SLR's counsel indicated SLR had provided all documents responsive to RPD No. 18. Accordingly, the motion to compel as to this request is denied as moot.

liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. Sept. 27, 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N. D. Tex. 2005)); *see also Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992); *see Smithfield Business Park, LLC v. SLR Intern. Corp.*, No. 5:12-CV-282-F, 2013 WL 5705601, at *2 (E.D.N.C. Oct. 18, 2013).

At issue here is Tabrizi, a party to this litigation and a former SLR employee, and SLR's claim that Tabrizi did not have authority to execute an assumption agreement with Smithfield, the effect of which purportedly obligated SLR to perform the environmental remediation work for Smithfield which is the subject of this action. [DE-1, -126-13, -127]. Additionally, it appears the work actually performed by Tabrizi at the Smithfield site may have exceeded the scope of work originally contemplated by the parties as part of their agreement. Ex. L [DE-126-13] at 2, 4. Accordingly, the scope and performance of Tabrizi's work is directly at issue in this case. Several courts have recognized that an employee's personnel file may be subject to discovery

5

especially where the employee's actions have a bearing on a party's claim or defenses. *See Morris v. Lowe's Home Centers, Inc.*, 2012 WL 5347826, at *9 (M.D.N.C. Oct. 26, 2012); *Eckhardt v. Bank of Am., N.A.*, Civil No. 3:06CV512-H, 2008 WL 111219, at *7 (W.D.N.C. Jan. 9, 2008) ("[W]here the files sought are those of employees whose action or inaction has a direct bearing on the Plaintiff's claims or Defendant's affirmative defenses ..., personnel files are subject to discovery."); *see e.g., Moss v. Blue Cross Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 698 (D. Kan. 2007) ("[G]enerally an individual's personnel file is relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and therefore discoverable, if the individual is alleged to have engaged in the retaliation or discrimination at issue or to have played an important role in the decision or incident that gives rise to the lawsuit."). Likewise, the compensation earned by Tabrizi, a party to this action, during his employment with SLR is relevant for purposes of discovery, especially where IRG informs the court that Tabrizi's bonus was tied to his work performance. The court cannot say as a matter of law that such a discovery request is not reasonably calculated to lead to the discovery of admissible evidence as to Tabrizi's authority as an employee of SLR. SLR has failed to demonstrate the burdensomeness of responding to these requests, especially where it appears Tabrizi was not employed by SLR for a considerable period of time. IRG's motion to compel is allowed as to RPD Nos. 13 and 16, and SLR shall provide responsive documents to these requests within twenty (20) days of this order. Finally, to the extent the contents of the documents to be produced contain sensitive materials, a protective order may address these concerns regarding the handling of such information.

## CONCLUSION

For the reasons stated above, IRG's motion to amend the scheduling order [DE-96] is ALLOWED, IRG's motion to stay the deadline to file dispositive motions [DE-128] is DENIED as moot and IRG's motion to compel is ALLOWED in part and DENIED in part as moot.

So ordered, the 4 day of April 2014.

_____
Robert B. Jones, Jr.
United States Magistrate Judge