IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-282-F

| | |
|---|---|
| SMITHFIELD BUSINESS PARK, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SLR INTERNATIONAL CORPORATION, ) | |
| ) | |
| Defendant/Third-Party Plaintiff, ) | ORDER |
| ) | |
| v. ) | |
| MASSOUD TABRIZI, INDUSTRIAL ) | |
| REALTY GROUP, LLC and SESTECH ) | |
| ENVIRONMENTAL, LP., ) | |
| ) | |
| Third-Party Defendants. ) | |

This matter comes before the court on the motion of Defendant/Third-Party Plaintiff SLR ("SLR") to compel Third-Party Defendant Massoud Tabrizi ("Tabrizi") to provide complete responses to its written discovery requests. [DE-142]. The issues before the court have been fully briefed and are ripe for ruling. For the reasons below, SLR's motion to compel is ALLOWED IN PART and DENIED IN PART.

## I. BACKGROUND

On April 18, 2012, Plaintiff Smithfield Business Park, LLC ("Smithfield") filed a complaint in the North Carolina Superior Court of Johnston County against Defendant SLR ("SLR") alleging breach of contract, professional negligence and negligent misrepresentation in connection with an agreement to provide certain environmental work on property owned by Smithfield ("Smithfield Project"). [DE-1-1, 3-1]. On May 21, 2012, SLR removed the case to

federal court and filed its answer on June 8, 2012. [DE-1, -7]. On September 18, 2013, SLR filed an amended third-party complaint asserting claims against Third-Party Defendants Industrial Realty Group, LLC ("IRG"), Sestech Environmental, LP ("Sestech") and Tabrizi for fraud, constructive fraud and/or fraudulent inducement, civil conspiracy, and contribution and/or indemnity. [DE-55] ¶¶ 30-33, 36-37, 45-46. SLR has also asserted additional purported claims of contractual indemnity and breach of fiduciary duty against Tabrizi. *Id.* ¶¶ 27-29, 34-35.

On November 25, 2013, in lieu of answering SLR's claims, Tabrizi filed a motion to dismiss the amended third party complaint. [DE-70]. On December 27, 2013, SLR served its Requests for Production and First Set of Interrogatories upon Tabrizi. [DE-142-3, -142-4]. Subsequently, on January 10, 2014, Tabrizi filed a motion for a protective order seeking, among other things, a stay of written discovery pending the resolution of his motion to dismiss. [DE-94]. On January 29, 2014, Tabrizi served his objections and responses to SLR's written discovery requests in which he asserted that notwithstanding his objections, "[i]f necessary, Tabrizi would provide a substantive response after resolution of his Motion for Protective Order to Stay Discovery." [DE-142-5 and -142-6]. On March 17, 2014, this court denied Tabrizi's motion for a protective order to stay discovery. [DE-138]. By letter dated March 17, 2014, SLR requested Tabzizi withdraw his objections to the written discovery requests, provide complete answers and responsive documents and make himself available for deposition. [DE-142-8]. SLR asserts that as of the filing of the motion to compel, Tabrizi had refused to amend his earlier responses or produce any responsive documents. [DE-142-1 at 3]. On May 12, 2014, Tabrizi responded in opposition to SLR's motion to compel. [DE-143]. Tabrizi's response indicates, among other things, that he served amended objections and responses to SLR's written discovery

2

requests on May 12, 2014, and Tabrizi has included these amendments as an exhibit to his response. [DE-143-1 and -143-2]. Having reviewed these amended responses, the court inquired of SLR whether any of its written discovery requests required court action. [DE-144]. SLR reported that the discovery remaining in dispute was limited to Tabrizi's response to SLR's Interrogatory No. 12 and Request for Production Nos. 2, 6, 8 and 18. [DE-145]. On July 29, 2014, the court entered an order on Tabrizi's motion to dismiss, dismissing all of SLR's third-party claims against Tabrizi except SLR's claim for contribution. [DE-146 at 14].

## II. LEGAL STANDARD

Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. *Lone Star Steakhouse & Saloon, Inc. v. Alpha Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995). The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. Sept. 27, 2000); *Spell v. McDaniel*, 591 F. Supp. 1090, 1114 (E.D.N.C. 1984) ("Rules 26 through 37 of the Federal Rules have been interpreted liberally to allow maximum discovery.").

3

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "broadly construed to encompass 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)); *see also Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc., v. Sanders*, 437 U.S. 340, 351 (1978)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). However, "[the] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (A) forbidding the disclosure or discovery; . . . or (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . ." Fed. R. Civ. P. 26(c)(1).

Motions to compel responses to interrogatories and document production requests are governed by Federal Rule of Civil Procedure 37(a)(3)(B), which provides that if a party declines to answer an interrogatory or document production request, the serving party "may move for an order compelling an answer, designation, production, or inspection." The party resisting discovery bears the burden of showing why the motion to compel should not be granted. *Mainstreet*, 270 F.R.D. at 241 (citing *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980) & *Rogers v. Tri-State Materials Corp.*, 51 F.R.D. 234, 247 (N.D.W. Va. 1970)). Specifically, the party seeking

4

protection from the court from responding to discovery must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402-03 (4th Cir. 2003); *see also Jones v. Circle K Stores, Inc.*, 185 F.R.D. 223, 224 (M.D.N.C. 1999) (regarding issuance of a protective order).

Federal Rule of Civil Procedure 33 governs interrogatories. It states that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(4). All objections must be stated with specificity, and any objection not raised is waived. *Id.* "If the objection has been properly articulated, it rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26." *Id.*

Federal Rule of Civil Procedure 34 governs document production requests. Pursuant to Rule 34, a party may request that the opposing party "produce and permit the requesting party . . . to inspect, copy, test, or sample" relevant documents, electronically stored information, and tangible things that are within the party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The party served with a document production request may object to the request if a legitimate basis for doing so exists. *See* Fed. R. Civ. P. 34(b)(2)(B) & (C). Thus, a party may object that a document production request exceeds the scope of discovery permitted by Rule 26(b)(1); that the request should be denied on the grounds stated in Rule 26(b)(2)(C); that the request impermissibly seeks privileged or work product material, *see* Fed. R. Civ. P. 26(b)(3); or that documents should not be produced without implementation of a protective order, *see* Fed. R. Civ. P. 26(c). All objections to document production requests must be stated with particularity and specificity; objections may not be "boilerplate." *See Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005); *Thompson. v. Dep't of*

*HUD*, 199 F.R.D. 168, 173 (D. Md. 2001); *Marens v. Carrabba's Italian Grill*, 196 F.R.D. 35, 38-39 (D. Md. 2000). With these legal precepts in mind, the undersigned considers the motion to compel.

### III. ANALYSIS

SLR's Interrogatory No. 12.

This interrogatory asks Tabrizi to identify and describe other litigation to which he has been a party in the last ten years involving the same and/or similar claims as those which form the basis of the instant action. [DE-142-6 at 8]. The interrogatory asks Tabrizi to provide a list of any lawsuits involving causes of action similar to those in this case, providing the county and state in which each was filed, as well as the date, nature, identity of counsel and the final disposition of such lawsuits. In his initial response, Tabrizi asserted boilerplate objections that the interrogatory is overly broad, unduly burdensome and not reasonably likely to lead to the discovery of admissible evidence. *Id.* Tabrizi objected further on the grounds that the interrogatory is vague. *Id.* Tabrizi indicated that subject to his objections, "[i]f necessary, Tabrizi will provide a substantive response after resolution of his Motion for Protective Order to Stay Discovery." *Id.* Tabrizi reasserts his original objections in his amended response. [DE-143-1 at 8]. Tabrizi's objections are boilerplate objections and are overruled. Additionally, the court finds the interrogatory to be reasonably calculated to lead to the discovery of admissible evidence and that Tabrizi has failed to show how his response to the interrogatory would lead to annoyance, embarrassment, oppression or present an undue burden or expense. Accordingly, Tabrizi is directed to respond to Interrogatory No. 12 within fourteen days of this order.

SLR's Request for Production No. 2.

This request seeks production of all documents that pertain to Tabrizi's relationship with

6

SLR related to the Smithfield Project. [DE-142-5 at 4]. In his initial response, Tabrizi asserted boilerplate objection on the grounds that the request is overly broad and vague. *Id.* Tabrizi also responded that subject to his objections, "[i]f necessary, Tabrizi will provide a substantive response after resolution of his Motion for Protective Order to Stay Discovery." *Id.* In his amended response, Tabrizi reasserts his boilerplate objections and states that although he is unable to locate any responsive documents, "[s]hould responsive documents be located, Tabrizi will supplement accordingly." [DE-143-2 at 4]. Tabrizi's objections are boilerplate objections and are overruled. Additionally, the court finds the request to be reasonably calculated to lead to the discovery of admissible evidence and that Tabrizi has failed to show how his response to the request would lead to annoyance, embarrassment, oppression or present an undue burden or expense. Notwithstanding Tabrizi's amended response, he is directed to respond to this request in a timely manner should any such documents come within his possession, custody or control. Fed. R. Civ. P. 26(e).

SLR's Request for Production No. 6.

This request seeks any documents including, but not limited to, communications, e-mails or correspondence between Tabrizi and SLR related to the Smithfield Project. [DE-142-5 at 5]. According to Tabrizi's initial response, in which he did not object to this request, Tabrizi stated that "[i]f necessary, Tabrizi will provide a substantive response after resolution of his Motion for Protective Order to Stay Discovery." *Id.* In his amended response, it appears Tabrizi has attempted to incorporate an earlier objection to the request, which the court deems to have no effect, no objection having been made initially. Tabrizi states further that while he is unable to locate any responsive documents, he will supplement his response should responsive documents

7

Case 5:12-cv-00282-F Document 147 Filed 08/11/14 Page 7 of 9

be located. [DE-143-2 at 5]. The court finds the request to be reasonably calculated to lead to the discovery of admissible evidence and that Tabrizi has failed to show how his response to the request would lead to annoyance, embarrassment, oppression or present an undue burden or expense. Notwithstanding Tabrizi's amended response, he is directed to respond to this request in a timely manner should any such documents come within his possession, custody or control. Fed. R. Civ. P. 26(e).

### SLR's Request for Production No. 8.

This request seeks any documents, including, but not limited to, communications, e-mails or correspondence between Tabrizi and IRG relating to the Smithfield Project. [DE-142-5 at 6]. According to Tabrizi's initial response, in which he did not object to this request, Tabrizi stated that "[i]f necessary, Tabrizi will provide a substantive response after resolution of his Motion for Protective Order to Stay Discovery." *Id.* In his amended response, it appears Tabrizi has attempted to incorporate an earlier objection to the request, which the court deems to have no effect, no objection having been made initially. Tabrizi states further that he has no responsive documents. [DE-143-2 at 6]. The court finds the request to be reasonably calculated to lead to the discovery of admissible evidence and that Tabrizi has failed to show how his response to the request would lead to annoyance, embarrassment, oppression or present an undue burden or expense. Notwithstanding Tabrizi's amended response, he is directed to respond to this request in a timely manner should any such documents come within his possession, custody or control. Fed. R. Civ. P. 26(e).

### SLR's Request for Production No. 18.

This request seeks the production of any and all documents which Tabrizi intends to

introduce into evidence or use at the time of trial for any purpose. [DE-142-5 at 8-9]. In his initial response, Tabrizi objected to the request "to the extent it calls for him to marshal his evidence at this point in time." *Id.* at 9. Without waiving the objection, Tabrizi responded that "[i]f necessary, Tabrizi will provide a substantive response after resolution of his Motion for Protective Order to Stay Discovery." *Id.* In his amended response, Tabrizi reasserts his earlier objection but states that he will disclose the evidence he intends to introduce at trial in accordance with the Federal Rules of Civil Procedure and the court's procedures. [DE-143-2 at 8]. Tabrizi's objection to providing responsive documents on the grounds of timeliness is overruled. Tabrizi is directed to provide responsive documents in accordance with the obligations imposed upon him as a party to this litigation in accordance with the Federal Rules of Civil Procedure and court's procedures in preparation for the trial of this matter.

Other Discovery.

According to SLR's status report filed with the court [DE-145], there are no other disputes regarding Tabrizi's responses to the interrogatories and document production requests that are the subject of SLR's motion to compel. Accordingly, SLR's motion to compel as it relates to those written discovery requests is denied as moot.

## IV. CONCLUSION

For the reasons stated above, SLR's motion to compel [DE-142] is allowed in part and denied in part.

So ordered the 11th day of August 2014.

Robert B. Jones, Jr.
United States Magistrate Judge

9