UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-282-F

| | |
|---|---|
| SMITHFIELD BUSINESS PARK, LLC, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>SLR INTERNATIONAL CORP., )<br>Defendant. )<br>_____ )<br>)<br>SLR INTERNATIONAL CORP., )<br>Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>MASSOUD TABRIZI, INDUSTRIAL )<br>REALTY GROUP, LLC, AND SESTECH )<br>ENVIRONMENTAL, LP, )<br>Third-Party Defendants. ) | ORDER |

On August 11, 2014, the court entered an order [DE-148] in this case directing Smithfield and SLR to show cause why this case should not be dismissed for failure to prosecute. SLR timely responded [DE-150], and for the reasons stated in that response, the court will not dismiss this action for failure to prosecute.

As SLR notes in its response, some of its claims against Smithfield and Tabrizi remain pending in this matter[1] and the parties have not filed any dispositive motions with respect to

---

[1] In its response to the show cause order, SLR lists a number of claims as "pending at this time" that the court dismissed with prejudice in the July 29, 2014 order. *Compare* July 29, 2014 Order [DE-146] *with* SLR response to show cause order [DE-150]. In light of this, and counsel's failure to respond to the July 29, 2014 order, the court is wondering if counsel has even *read* the July 29, 2014 order. Nevertheless, SLR is correct that some its claims against Smithfield and Tabrizi remain pending.

those claims. The court notes that the scheduling order in this case set a deadline of August 8, 2014 for filing any new dispositive motions. Scheduling Order [DE-141] at 3. That deadline has expired and none of the parties filed any dispositive motions regarding SLR's claims against Smithfield and Tabrizi or requested an extension of the deadline.

The court understands that the parties have been focusing on settling this matter and of course the court encourages those efforts. But the fact that the parties are close to settlement is not an excuse to ignore the deadlines set in the scheduling order or other court orders. Accordingly, in the event settlement is not consummated and the parties wish to file additional dispositive motions with respect to those claims, the parties will need to seek court approval to extend the deadlines set in the scheduling order.

Based on the parties' representations that a settlement is being finalized, they are hereby DIRECTED to file the appropriate dismissal documents on or before **September 19, 2014**, though the court will consider extensions of this deadline if necessary. In light of the settlement in principle, SLR's motion for summary judgment [DE-74] and the motion to strike expert testimony [DE-74] are DENIED as moot, but without prejudice to renew if settlement is not consummated. If settlement is not consummated and SLR requests that the court consider the motions at docket entries 74 and 75, the court is not inclined to allow further briefing on those motions in light of the parties' failure to respond to the court's July 29, 2014 order.

SO ORDERED.

This the 21st day of August, 2014.

JAMES C. FOX
Senior United States District Judge